IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Powell, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge Jorge L. Alonso |
| v. | ) ) | Magistrate Judge Gabriel A. Fuentes |
| EXI, Inc., | ) ) | Case No. 1:21-cv-06273 |
| Defendant. | ) ) | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff Christopher Powell ("Powell") and Defendant EXI, Inc. (the "Company"), by and through their attorneys, respectfully move this Court to approve their settlement. The Parties respectfully submit that the terms of the settlement are fair, reasonable and resolve a *bona fide* dispute between them. In support of their motion, the Parties state as follows:

1. On November 11, 2021, Powell filed a Complaint against the Company alleging that he is owed unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). *See* Docket Entry No. 1. On January 18, 2022, the Company filed its Answer to the Complaint. *See* Docket Entry No. 13. Powell's lawsuit is based on his allegations that he and similar situated individuals were not paid overtime as mandated by the FLSA. The Company denies Powell's allegations. As of the filing date of this Joint Motion, there has been no motion filed seeking conditional certification, and this Joint Motion does not seek approval to settle collective claims.

2. Prior to the filing of this lawsuit, the U.S. Department of Labor ("U.S. DOL") commenced an investigation into the same wage and hour practices of the Company that are at

issue in this litigation – this Court may take judicial notice of administrative matters[1] (here U.S. DOL Case No. 1946631 (the "U.S. DOL Audit")). Specifically, the U.S. DOL Audit focused on overtime issues relating to the duties performed by Powell and similarly situated individuals. At the conclusion of the investigation portion of the U.S. DOL Audit, the U.S. DOL calculated that Powell was due (*see* Exhibit A, ¶ 1(a), filed under seal with Court approval pursuant to Docket Entry No. 21 (07/19/22))[2] in overtime wages during the two year period preceding the start of the U.S. DOL Audit.

3.  The Company denied the U.S. DOL's findings but agreed to issue Powell a check in the amount calculate by the U.S. DOL in order to amicably settle this issue. Powell received, accepted and cashed the settlement check.[3]

4.  The Parties to this litigation have been engaged in arm's-length settlement negotiations for the past several months, and the Parties have now reached a settlement of Powell's claims.

5.  Prior to reaching a settlement, counsel for Powell and the Company have conducted thorough investigations into the merits of the potential claims, exchanged information and documentation and have analyzed the defenses to Powell's claims and the damages to which Powell may be entitled if he were to prevail. Therefore, the Parties have sufficient information to agree to a settlement.

6.  In the Seventh Circuit, settlements of FLSA claims must be approved by a Court of competent jurisdiction. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.

---

[1] *See Green v. Warden, United States Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983).

[2] A copy of the U.S. DOL Audit findings, *i.e.*, the Summary of Unpaid Wages; Form WH-56 (11/15/21), has been submitted with the Settlement Agreement.

[3] In total, 56 of the 62 individuals whose work hours were at issue during the DOL Audit have accepted and cashed their settlement checks. The value of the six (6) outstanding settlement checks that were issued, but not cashed, during the DOL Audit is a mere $1,343.06.

1986) (citing *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 7, 2001); *see also Cheeks v. Freeport Pancake House, Inc.*, 496 F.3d 199 (2d Cir. 2015). A plaintiff may compromise a claim under the FLSA pursuant to a court-authorized settlement of an action alleging a violation of the FLSA. *See e.g. Lynn's Food Stores, Inc.*, 679 F.2d at 1355. When reviewing a proposed FLSA settlement, the district court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at 1353, 1355. If a settlement in a FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

7.    As explained, the settlement was reached after extensive negotiations between the represented Parties and exchange of information and documentation. Therefore, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness). Should this matter have continued, the Parties would have proceeded with written and oral discovery, potentially filed dispositive motions and/or a trial. This litigation could have lasted well into 2024. If Powell prevailed on his claim that a third year of overtime wages were due under the FLSA, the Company would be faced with the prospect of a verdict against it and the obligation to pay such wages, attorneys' fees and costs. If the Company prevailed on the merits of whether a third year of overtime was due and/or whether the settlement of the wage and hour claims in the U.S. DOL Audit barred this litigation, Powell faced dismissal of his claims and no recovery.

3

8. Powell alleges that he is due a third year of overtime wages. The Company denies that Powell is owed any such overtime wages. Under the settlement, Powell will receive (*see* Exhibit A, ¶ 1(a)), which represents 57% of the average yearly overtime wages determined by the U.S. DOL to be owed to Powell.

9. Powell's attorney will receive (*see* Exhibit A, ¶ 1(b)) in attorneys' fees and costs. For purposes of settlement only, the Company does not object to this award of attorneys' fees and costs.

10. Based upon the foregoing, the Parties request that this Court review their Settlement Agreement, approve the same and dismiss this lawsuit with prejudice. In accordance with the Court's July 19. 2022 Order, a copy of the Settlement Agreement was filed under seal as Exhibit A to this Motion. *See* Docket Entry No. 21.

11. The Parties will submit a draft Word formatted Joint Proposed Order for the Court's consideration to Proposed_Order_Alonso@ilnd.uscourts.gov.

WHEREFORE, The Parties respectfully request that the Court: (1) grant the Motion; (2) enter the Proposed Order or an Order substantially similar to it in which the Court approves of the Settlement Agreement; (3) dismiss Powell's Complaint and all other claims with prejudice and each party to bear their own fees and costs (except as provided in the Settlement Agreement); and (4) any other relief that the Court deems appropriate.

| | | | |
|---|---|---|---|
| By: | s/Melinda Arbuckle (*w/consent*) | By: | /s/Brian K. Jackson |
| | Melinda Arbuckle (*phv* pending) | | Brian K. Jackson |
| | marbuckle@eeoc.net | | bjackson@lanermuchin.com |
| | Ricardo J. Prieto (*phv* pending) | | Jolianne Alexander |
| | rprieto@eeoc.net | | jalexander@lanermuchin.com |
| | SHELLIST LAZARZ SLOBIN LLP | | LANER MUCHIN, LTD. |
| | 11 Greenway Plaza, Suite 1515 | | 515 North State Street, Suite 2800 |
| | Houston, TX 77046 | | Chicago, IL 60654 |
| | (713) 621-2277 – Telephone | | (312) 467-9800 – Telephone |
| | Attorneys for Plaintiff | | Attorneys for Defendant |

**Certificate of Service**

I, Brian K. Jackson, an attorney, hereby certifies that he caused the foregoing **THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** in the above-captioned matter to be served via the electronic filing system to the Clerk of the Court and via the electronic filing system to the parties of record listed below, on this 29th day of August 2022:

>Douglas M. Werman
>Maureen Ann Salas
>Werman Salas P.C.
>77 West Washington Street, Suite 1402
>Chicago, Illinois 60602

>Melinda Arbuckle
>Ricardo J Prieto
>Shellist | Lazarz | Slobin LLP
>11 Greenway Plaza, Ste. 1515
>Houston, Texas 77046

>/s/ Brian K. Jackson
>Brian K. Jackson